UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GENEVA MANUFACTURING, LLC,

          Plaintiff,

    v.                               Case No. 13-CV-1274

GRAND & BENEDICTS, INC.,

          Defendant.

## ORDER

    Currently before the court is the motion of defendant Grand & Benedicts, Inc. seeking a protective order and to quash the subpoena issued by plaintiff Geneva Manufacturing, LLC for the deposition of Stacey Santoro. (ECF No. 44.) The motion may be best characterized as a motion to enforce the scheduling order as opposed to a motion to quash, *see Anderson v. P&G Paper Prods. Co.*, 2013 U.S. Dist. LEXIS 150655, 2-3 (E.D. Wis. Oct. 15, 2013). Indeed, Geneva Manufacturing today filed a motion asking to amend the scheduling order to permit the proposed deposition (ECF No. 50). For the reasons set forth below, Grand & Benedicts's motion (ECF No. 44) is granted, and Geneva Manufacturing's motion (ECF No. 50) is denied.

This lawsuit was filed nearly two years ago, on November 12, 2013. (ECF No. 1.) Upon the parties' consent, it was assigned to Magistrate Judge Patricia Gorence. During a scheduling conference, Judge Gorence set a discovery deadline of March 16, 2015. (ECF No. 20.) The case was subsequently reassigned to this court, again with the parties' consent. During a telephonic scheduling conference held on April 23, 2015, the discovery deadline was extended to August 31, 2015. (ECF No. 34.)

Santoro is apparently a former employee of Grand & Benedicts. Pursuant to Rule 26 (a)(1)(A)(i) of the Federal Rules of Federal Procedure, both parties disclosed Santoro as someone likely to have discoverable information that it may use to support its claims or defenses. However, no one took her deposition. In its October 15, 2015 pretrial report, Geneva Manufacturing stated that it "designates the testimony of Stacey Santoro, to be taken pursuant to subpoena in Reading, Pennsylvania." (ECF No. 41 at 5.) It did not say *when* it intended to take her deposition. It was not until the October 22, 2015 final pretrial conference that Geneva Manufacturing stated that Santoro's deposition was scheduled for November 6, 2015, only 10 days before the scheduled start of trial.

Geneva Manufacturing contends that Santoro's deposition is not inconsistent with the court's scheduling order because it is a trial rather than a discovery deposition. It argues that, given that it had disclosed Santoro as a potential witness under Rule 26, had it brought Santoro to Milwaukee to testify personally, Grand & Benedicts would have had no basis to object. Thus, it says Grand & Benedicts is not prejudiced by the

2

Case 2:13-cv-01274-WED    Filed 10/29/15    Page 2 of 4    Document 51

deposition. Grand & Benedicts argues that the deposition violates this court's scheduling order and Civ. L.R. 26(c), which does not distinguish between so-called "trial" depositions and depositions taken for discovery purposes.

The Federal Rules of Civil Procedure do not distinguish between a "discovery" and "trial" deposition. *Anderson*, 2013 U.S. Dist. LEXIS 150655, 3-4. More importantly, Civil Local Rule 26(c) requires that all discovery, including "depositions to preserve testimony for trial," must be completed not less than 30 days before trial unless the court orders otherwise. "For good cause, the Court may extend the time during which discovery may occur or may reopen discovery." Civ. L.R. 26(c).

Certainly, if unforeseen circumstances arise on the eve of trial, perhaps if a witness unexpectedly moves outside the reach of the court, it may be appropriate to grant relief from the court's scheduling order and permit a deposition after the discovery deadline. However, "absent exceptional circumstances, a party who wishes to introduce deposition testimony at trial should procure that testimony during the time set by the court to conduct discovery." *Bondpro Corp. v. Siemens Westinghouse Power Corp.*, 2005 U.S. Dist. LEXIS 2481, 2 (W.D. Wis. Jan. 31, 2005) (citing *Integra Lifesciences I, Ltd., v. Merck KgaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999); *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991)).

The court does not find good cause to merit modifying the scheduling order and permitting Santoro's deposition. Geneva Manufacturing admits that it knew from the

3
Case 2:13-cv-01274-WED   Filed 10/29/15   Page 3 of 4   Document 51

earliest stages of this case that Santoro may have discoverable information and that it may use her to support its claims. It says it interviewed her and determined that her testimony would be helpful at trial. (ECF No. 50 at 2.) And although she resides outside the reach of the court, it does not say that its inability to compel her attendance at trial is a recent development. Its decision to forego deposing her is one that cannot be undone now on the eve of trial when Grand & Benedicts is focusing its efforts on preparing for trial.

Accordingly, Grand & Benedicts's motion (ECF No. 44), which the court construes as a motion to enforce the court's scheduling order, is **granted**. Geneva Manufacturing's motion (ECF No. 50) is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of October, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge