UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GENEVA MANUFACTURING, LLC,

          Plaintiff,

    v.                                      Case No. 13-CV-1274

GRAND & BENEDICTS, INC.,

          Defendant.

## ORDER

Currently before the court is the motion of plaintiff Geneva Manufacturing, LLC to file an amended complaint. (ECF No. 46.) According to Geneva, "the proposed amended complaint clarifies the pleading in three ways." (ECF No. 46 at 1.) First, it eliminates references to a prior defendant who has been dismissed from this action. Second, it "adjusts some of the allegations to conform to the evidence brought out in discovery." (ECF No. 46 at 1.) Finally, it adds a claim of unjust enrichment against defendant Grand & Benedicts, Inc.

Grand & Benedicts does not oppose the first two proposed changes but does oppose Geneva's attempt to add a new claim of unjust enrichment. For the reasons set forth below, Geneva's motion will be granted.

Geneva filed its initial complaint nearly two years ago (ECF No. 1) and a four-day jury trial is scheduled to commence on November 16, 2015. It was not until the final pretrial conference on October 22, 2015, after discovery had closed, that Geneva first moved to amend its complaint to add the claim of unjust enrichment. Grand & Benedicts argues that there was no basis for Geneva to wait until the final pretrial conference to seek to amend the complaint; the basis for any unjust enrichment claim was known to Geneva from the earliest stages of this litigation. Grand & Benedicts also argues that, if Geneva were permitted to amend the complaint, it would be prejudiced by its inability to take discovery related to the new claim. Geneva responds that Grand & Benedicts would not be prejudiced because its discovery regarding the breach of contract claim provided it with all relevant information regarding the unjust enrichment claim.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Geneva's motion comes late in the proceedings. Further, there is every indication that it could have included an unjust enrichment claim in its initial complaint or, at a

minimum, moved to amend its complaint to include such a claim long ago. Geneva concedes as much. (ECF No. 53 at 2 ("The parties have disputed all along over whether the extra engineering work was included in the purchase orders.").) Geneva offers no explanation for why it waited so long. However, "delay by itself is normally an insufficient reason to deny a motion for leave to amend." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (citing *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

Thus, the court turns to Grand & Benedict's argument that it will suffer prejudice if the court permits the amendment. In this regard, Grand & Benedicts asserts it will be prejudiced by its inability to take discovery regarding the unjust enrichment because

> the claim would raise new issues regarding Geneva Manufacturing's reasons for providing the benefit, Geneva Manufacturing's reasons for believing that Grand & Benedicts was aware of or appreciated the benefit, whether the benefit was already included in the parties' purchase orders, the reasonable value of the benefit, and the existence and nature of evidence relating to the foregoing issues.

(ECF No. 52 at 3.)

The court finds that discovery regarding the contract claims alleged in the initial complaint would be generally expected to encompass the information Grand & Benedicts identifies. The exception might be the "reasonable value of the benefit." However, Geneva says that Grand & Benedicts explored this subject in discovery and that the matter is covered by the parties' expert reports. (ECF No. 53 at 2.) The court does not have enough information to dispute the truthfulness of that statement, and

3

thus finds that Grand & Benedicts has not demonstrated that it would be prejudiced by the proposed amendment.

However, there is a question as to whether an unjust enrichment claim is viable under the facts alleged in this case. "In Wisconsin the quasi-contractual theories of quantum meruit and unjust enrichment are legal causes of action grounded in equitable principles and can be invoked only in the absence of an enforceable contract." *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 (7th Cir. 2011) (citing *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 476 (7th Cir. 2009); *Meyer v. Laser Vision Inst.*, 2006 WI App 70, 290 Wis. 2d 764, 714 N.W.2d 223, 230; *Greenlee v. Rainbow Auction/Realty Co.*, 202 Wis. 2d 653, 553 N.W.2d 257, 265 (Ct. App. 1996)). "Where there is an enforceable contract, the proper claim is for breach of contract; quantum meruit and unjust enrichment are unavailable." *Id.* (citing *Lindquist Ford*, 557 F.3d at 476; *Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis. 2d 493, 577 N.W.2d 617, 624 n.13 (1998); *Schultz v. Andrus' Estate*, 178 Wis. 358, 190 N.W. 83, 84 (1922)).

It is undisputed that valid contracts existed between the parties; both parties rely upon these contracts in the form of purchase orders to support their respective claims (*see, e.g.*, ECF No. 1, ¶ 17) and counterclaims (*see, e.g.*, ECF No. 4, ¶ 33). Geneva argues in a footnote (never an appropriate means for presenting an argument, s*ee Procedures for Litigants Appearing Before Magistrate Judge William E. Duffin*, ¶ 3. B., available at http://www.wied.uscourts.gov/index.php?option=com_docman&task=doc_download&

gid=227&Itemid=30; *see also Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344 (7th Cir. 2009)), that, although various contracts existed between the parties, no such contract existed for the "extra services" that are the subject of its unjust enrichment claim. (ECF No. 53 at 2, fn. 2.)

Quasi-contract claims for relief are not foreclosed merely because an unrelated contractual relationship exists between the parties. Rather, an unjust enrichment claim is barred only if the contract between the parties covers "the same subject matter of the claim at issue." *See Martin v. LG Elecs. USA, Inc.*, 2015 U.S. Dist. LEXIS 42016, 20 (W.D. Wis. Mar. 31, 2015). The court has not been provided with the relevant contract documents to enable it to resolve this legal question. Accordingly, the court finds that it is appropriate to grant the motion to amend. However, Grand & Benedicts may move to preclude the jury from considering Geneva's unjust enrichment claim if the evidence at trial demonstrates that the claim is barred under Wisconsin law.

**IT IS THEREFORE ORDERED** that the motion of Geneva Manufacturing LLC to amend its complaint (ECF No. 46) is granted Grand & Benedicts, Inc. shall answer the amended complaint not later than **November 12, 2015**.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge