UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GENEVA MANUFACTURING, LLC,

    Plaintiff,

v.                                  Case No. 13-CV-1274

GRAND & BENEDICTS, INC., et al.,

    Defendant.

# ORDER

Currently before the court is the motion of plaintiff Geneva Manufacturing, LLC, to exclude evidence relating to Geneva's ceasing operations, financial condition, or creditors after September 13, 2013. (ECF No. 39 at 1.) Geneva argues that "[e]vidence of Geneva Manufacturing's operations and financial condition after the Potomac Mills order was cancelled is irrelevant and should be excluded." (ECF No. 39 at 3.) Geneva contends that such evidence is inadmissible under Fed. R. Evid. 402.

Grand & Benedicts responds that Geneva's motion depends upon a number of incorrect assumptions as to when the parties' relationship actually ended. At a minimum, it argues, the evidence relied upon by Geneva establishes that the termination date was September 25, 2013, not September 13, 2013. But more

importantly, it argues, the evidence is relevant because it proves that Grand & Benedicts' concerns about Geneva's ability to timely perform were valid. (ECF No. 47 at 3 ("Geneva Manufacturing's ultimate ceasing of operations would be relevant to show that Grand & Benedicts' concerns were reasonable and not just speculative.")).

The court, as the umpire in these proceedings, is often unable to make a call until it sees the pitch. Thus, the court may not be able make a particular decision until presented with specific evidence in the context of trial. However, the court can at least attempt to lay out the strike zone so the parties may know where they ought to aim.

The court finds that, as a general notion, information regarding Geneva's financial condition or ability to complete orders that Grand & Benedicts learned after it decided not to use Geneva for the Potomac Mills store is not relevant to the question of whether Grand & Benedicts' decision was reasonable. Grand & Benedicts appears to have made the decision not to use Geneva for the Potomac Mills store no later than September 25, 2013. (ECF No. 40-2 ("Grand & Benedicts declines your offer, and is not retaining your services for the Potomac store.").) Therefore, on the issue of whether Grand & Benedicts' decision to not use Geneva for the Potomac Mills store was reasonable, evidence that Grand & Benedicts learned after September 25, 2013, as to Geneva's financial condition or ability to complete orders is inadmissible under Rule 402. However, the court is not concluding that such evidence might not be admissible for some other purpose.

**IT IS THEREFORE ORDERED** that the motion in limine by Geneva Manufacturing, LLC, to exclude post-cancellation evidence (ECF No. 39) is **granted as set forth in this order**.

Dated at Milwaukee, Wisconsin this 5th day of November, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge